IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRAN DENISE COLLINS,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:12-cv-00931

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Partial Summary Judgment)

Pending before the court is the Motion for Partial Summary Judgment [ECF No. 87] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This action involves a Georgia plaintiff who was implanted with Tension-free Vaginal Tape-Obturator ("TVT-O"), a mesh product manufactured by Ethicon, on December 21, 2011, by Dr. Susanna Meredith at Meadows Regional Medical Center in Vidalia, Georgia. Am. Short Form Compl. [ECF No. 17] ¶¶ 1–12. The case resides in one of seven MDLs assigned to the Honorable Joseph R. Goodwin by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This individual case is one of a group of cases that the Clerk of the Court reassigned to me

on November 22, 2016. [ECF No. 123]. In the seven MDLs, there are approximately 29,000 cases currently pending, approximately 17,000 of which are in the Ethicon MDL, MDL 2327.

Prior to the reassignment, in an effort to efficiently and effectively manage the massive Ethicon MDL, Judge Goodwin decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), the court can promptly transfer or remand the case to the appropriate district for trial. To this end, Judge Goodwin ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, Aug. 19, 2015, http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. The plaintiff's case was selected as an "Ethicon Wave 1 case."

II. Legal Standards

    A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth

of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree, as does this court, that Georgia choice-of-law principles apply to this case and that these principles compel the application of Georgia law to the plaintiff's substantive claims.

3

To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, I consult the choice-of-law rules of the state in which the plaintiff was implanted with the product. *See Sanchez v. Bos. Sci. Corp.*, No. 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014). Here, the plaintiff filed her initial complaint directly into the MDL in the Southern District of West Virginia. Compl. [ECF No. 1]. The implantation surgery occurred in Georgia. Thus, the choice-of-law principles of Georgia guide this court's choice-of-law analysis.

Under Georgia law, tort cases "are governed by the rule of lex loci delicti, which requires application of the substantive law of the place where the tort or wrong occurred." *Carroll Fullmer Logistics Corp. v. Hines*, 710 S.E.2d 888, 890 (Ga. Ct. App. 2011) (citing *Dowis v. Mud Slingers, Inc.*, 621 S.E.2d 413, 419 (Ga. 2005)). Here, the alleged wrong occurred in Georgia, where the plaintiff was implanted with the allegedly defective device. Thus, I apply Georgia's substantive law to the claims in this case.

III. Analysis

Ethicon argues it is entitled to partial summary judgment because the plaintiff's claims are without evidentiary or legal support.

4

### A. Conceded Claims

The plaintiff concedes the following claims: Count II (Manufacturing Defect), Count VIII (Constructive Fraud), Count X (Negligent Infliction of Emotional Distress), Count XI (Breach of Express Warranty), Count XII (Breach of Implied Warranty), and Count XV (Unjust Enrichment). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B. Strict Liability – Defective Product

Under Georgia products liability law, a manufacturer is "liable in tort, irrespective of privity, to any natural person . . . who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained." Ga. Code Ann. § 51-1-11(b)(1). Interpreting a predecessor statute to section 51-1-11, the Supreme Court of Georgia stated that the code "imposes strict liability for defective products." *Ctr. Chem. Co. v. Parzini*, 218 S.E.2d 580, 582 (Ga. 1975). At the time, that court noted that "the term 'defect' has been defined on a case-by-case basis and has generally not been found susceptible of any general definition." *Id.* However, that court later clarified that "[t]here are three general categories of product defects: manufacturing defects, design defects, and marketing/packaging defects." *Banks v. ICI Americas, Inc.*, 450 S.E.2d 671, 672 (Ga. 1994). Georgia courts also refer to the third category as "warning defects." *See, e.g.*, *Fletcher v. Water Applications Distrib. Grp., Inc.*, 773 S.E.2d 859, 863 (Ga. Ct.

5

App. 2015) (citing *Banks*, 450 S.E.2d at 672). Each of these three categories gives rise to a distinct claim. *See id.* ("The duties owed pursuant to each claim are not coextensive and must be analyzed separately." (citing *Chrysler Corp. v. Batten*, 450 S.E.2d 208, 211 (Ga. 1994))).

Here, citing *Parzini*, the plaintiff argues that Georgia recognizes an action for "defective product" that is distinct from the actions for manufacturing defect, failure to warn, and design defect. I disagree. *Parzini* recognized a statutory basis for imposing strict liability for defective products. In *Banks* and other cases, Georgia courts defined three sub-categories of defective products, any one of which will allow a plaintiff to recover: manufacturing defect, design defect, and warning defect. Georgia does not recognize an additional distinct claim for "defective product." Accordingly, Ethicon's Motion as to Count IV (Strict Liability – Defective Product) is **GRANTED**.

### C. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Partial Summary Judgment [ECF No. 87] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count II

6

(Manufacturing Defect), Count IV (Strict Liability – Defective Product), Count VIII (Constructive Fraud), Count X (Negligent Infliction of Emotional Distress), Count XI (Breach of Express Warranty), Count XII (Breach of Implied Warranty), and Count XV (Unjust Enrichment). Ethicon's Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 13, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE